## Case No. 2,360.

### CAMPBELL v. HARPER et al.

[3 Wash. C. C. 356.] [1]

Circuit Court, D. Pennsylvania. April Term, 1818.

DECLARATION IN EJECTMENT — PROOF OF SERVICE — JUDGMENT AGAINST TENANT IN POSSESSION.

1. The return of the marshal of the service of a declaration in ejectment, stating, that he had shown it to one defendant, and delivered a copy of it at the dwelling house of the other, in the presence of his wife, is not sufficient; as a copy should have been left at the dwelling of both defendants, and the notice should have been read or explained by the marshal, and the return should have stated, that the defendants were tenants in possession. If all the defendants in ejectment inhabit the same house, and this appears by the marshal's return, it is sufficient to deliver one copy.

2. An affidavit of service is only necessary, where the service is not made by an officer of the court.

3. Where a rule on the tenant in possession can be taken, and the effect of a judgment under such a rule.

Rule to show cause why the judgment should not be opened, and the habere facias possessionem issued thereon, set aside. The material reasons assigned were, that a copy of the declaration was not left with Harper, one of the defendants; and that it did not appear, by the marshal's return, that the defendants were tenants in possession. It was further objected, that the marshal's return was not sworn to; and also, that the notice annexed to the declaration, referring to the whole of the term, and not to the first day of it, the defendants have the whole term to appear in; and, therefore, that judgment by default was improperly entered at that term. Cases cited, Runn. Eject. 153, 158, 165, 228; Sell. Pr. 299; Bull. N. P. 97.

It was answered, that the affidavit, on which this rule was obtained, acknowledges that Conway was duly served with the declaration, and denies that Harper was; which is contrary to the return of the marshal. The affidavit, therefore, taken in connection with the return, shows, that the declaration was served on both defendants, as well as that they were tenants in possession.

The service need not be sworn to, unless when the duty is performed by some person, other than a sworn officer of the court.

The judgment by default was rendered on the 13th of May, 1815, on a twenty days' rule, obtained on the 17th of April. It was said to be the uniform practice, to obtain the rule to appear and plead at the commencement of the term, and to enter the judgment after the expiration of the time, subject, however, to be set aside upon the appearance of the defendant on any day of the session. That it is not the practice to serve the defendant with a notice of this rule.

Mr. Shoemaker, for the rule.
Mr. Rawle, against it.

WASHINGTON, Circuit Justice. Although this judgment may have been entered upon an insufficient return of the service of the declaration, yet, if the defendants acknowledge, in their affidavit, enough to supply omissions, and to cure defects in the return, the court will not set aside the judgment. But this is not done in the present case. The return of service by the deputy marshal states, that, on a particular day, he served the ejectment on Harper and Conway, by showing the original to Harper, and by delivering a copy at the dwelling house of Harper and Conway, on the premises, said Conway being absent, and the copy left in the presence of his wife.

This return is clearly defective in not stating that a copy of the declaration was delivered to Harper, and that another copy was delivered to the wife of Conway, and that the notice was read, or explained severally to them. It is also defective in not stating, that Harper and Conway were tenants in possession. It is true, that where both defendants inhabit the same house, it is sufficient to deliver one copy of the declaration; but it does not appear, with certainty, that Harper and Conway resided together; nor are any of the above objections removed by the affidavit of the defendants; which merely states, that the ejectment was served on Conway only, and not on Harper, who was then in possession of one half of the premises. But it does not appear from this, that the two defendants resided together, or that Conway was in possession of any part of the premises. The court will never grant a judgment by default in ejectment, or permit it to be carried into execution, where it has been improvidently obtained; unless it appears, that the tenants in possession had full notice of the suit, and of what they are required by the notice to do.[2]

There is no weight in any other of the reasons assigned for setting aside this judgment. An affidavit of the service of the declaration is not necessary, where the duty is performed by a sworn officer of this court. It is perfectly regular, to take a rule upon the tenants in possession to appear on some day during the court to which the declaration is returned, and to sign judgment, if such

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

[2] If the plaintiff's attorney would always subjoin to the notice the form of the return, where it is to be made by the marshal, or one of his officers; or of the affidavit, when the declaration is served by any other person; there would seldom, if ever, be occasion for objections of this kind.

appearance be not entered within the period prescribed; reserving, however, to the tenants in possession, the right to set aside the judgment, if an appearance be entered afterwards, and during the same time when the session of the court continues beyond the period mentioned in the rule. This rule need not be served on the tenant in possession, as it is his own fault if he does not cause his appearance to be entered during the court to which the notice refers.